UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVID HAYWARD,

                Plaintiff,

   -against-

THE CITY OF NEW YORK; P.O. JEFFREY
HILL, 73rd Precinct, Badge # Unknown;
P.O. JOHN DOE, 73rd Precinct,

                Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 17 2012

**BROOKLYN OFFICE**

**MEMORANDUM AND ORDER**
12-CV-3220 (ENV)

**VITALIANO**, United States District Judge:

      Plaintiff David Hayward, who is currently incarcerated at the Groveland Correctional Facility, files this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of New York and several individual defendants. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the City of New York and defendant John Doe are dismissed from the action. The claims, however, against defendant Jeffrey Hill shall proceed.

## BACKGROUND

      Plaintiff alleges that on August 16, 2011, he was falsely arrested at his home in Brooklyn, New York by Police Officer Jeffrey Hill of the 73rd Precinct. He states that the charges against him were subsequently dismissed, but resulted in a parole violation and one-year prison sentence. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the

strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

### Claims against the City of New York and John Doe

Plaintiff's claims against the City of New York must be dismissed. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability.

2

Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Cash v. County of Erie, 654 F.3d 324, 333-34 (2d Cir. 2011); Dzugas-Smith v. Southhold Union Free School Dist., No. 08 CV 1319, 2012 WL 1655540, at *20 (E.D.N.Y. May 9, 2012). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Thus, plaintiff has not made a showing, in his pleadings, sufficient to impose Monell liability on the City of New York.

Furthermore, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)). Here, although plaintiff names Police Officer John Doe as a defendant in the caption of the complaint, he fails to make any allegations against or otherwise discuss that defendant in the body of his pleading. Plaintiff's claims against Police Officer John Doe are, therefore, dismissed without prejudice.

## CONCLUSION

Accordingly, all claims against the City of New York and Police Officer John Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect their dismissal. Plaintiff's claims, however, shall proceed against Police Officer Jeffrey Hill of the 73rd Precinct.

The United States Marshal Service is directed to serve the summons, complaint, and this Memorandum and Order upon the remaining defendant without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to Magistrate Judge Cheryl L. Pollak. The Court certifies

3

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
August 15, 2012

ERIC N. VITALIANO
United States District Judge

4