UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DAVID HAYWARD,                                    :
                                                  :
                              Plaintiff,          :
                                                  :          **MEMORANDUM & ORDER**
              -against-                            :
                                                  :          **12-cv-3220 (ENV) (CLP)**
CITY OF NEW YORK, P.O. JEFFREY HILL, :
73RD PRECINCT, P.O. JOHN DOE, 73RD               :
PRECINCT BADGE UNKNOWN,                           :
                                                  :
                              Defendants.          :
------------------------------------------------------------x

VITALIANO, D.J.,

    *Pro se* plaintiff David Hayward brings this action against Police Officer

Jeffrey Hill pursuant to 42 U.S.C. § 1983.[1]  Hayward alleges he was falsely arrested

by Officer Hill and then unlawfully strip searched at the 73rd Precinct stationhouse.

On account of this arrest and the subsequent prosecution, Hayward contends his

parole was revoked. He advances claims of false arrest, malicious prosecution, and

unlawful strip search under the Fourth Amendment, in addition to due process

claims under the Fifth and Fourteenth Amendments. He also asserts a claim under

New York law for intentional infliction of emotional distress. On January 18, 2013,

defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  As of

the date of this Memorandum and Order, Hayward has failed to oppose the motion

or respond in any other manner.

---

[1] The Court dismissed *sua sponte* all claims against the City of New York and John
Doe on August 17, 2012.  (Dkt. No. 8).

## Background

For the purposes of this motion, the facts alleged in Hayward's complaint are accepted as true, and all reasonable inferences are construed in plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).  The following facts are drawn from the complaint, as well as from the relevant arrest reports and court documents, which are incorporated into the complaint by reference or otherwise integral to the complaint.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Obilo v. City Univ. of City of New York, 01-cv-5118 (DGT), 2003 WL 715749, *4 (E.D.N.Y. Feb. 28, 2003), opinion corrected and superseded, 2003 WL 1809471, *4 (E.D.N.Y. Apr. 7, 2003) (incident report and police complaint properly considered on motion to dismiss as "'central' to plaintiff's claims" for, inter alia, false arrest and malicious prosecution.).

On August 16, 2011, Officer Hill responded to a 911 call indicating that a man, identified as "W.D.," who was currently at a firehouse, had been assaulted by a black male named David in a nearby rooming house. (Def.'s Ex. B (NYPD Sprint Report) at 1).  When Officer Hill arrived, W.D. informed him that he had been cut in the face with a sharp object and punched in the stomach. (Def.'s Ex. C (NYPD Compl. Report) at 1).  Officer Hill subsequently arrested Hayward at 565 Chauncey Street in Brooklyn, where Hayward and W.D. lived together, and transported him to the 73rd Precinct stationhouse, where he was strip searched and processed. (Compl. at ¶ 3-5; Def.'s Ex. D at 2-3).

The following day, Hayward was arraigned and charged with assault in the second degree, menacing in the second degree, harassment in the second degree, and

criminal possession of a weapon in the fourth degree. (<u>Id.</u> at ¶ 7). Hayward was released on his own recognizance, but he was already on parole at the time. (<u>Id.</u> at ¶ 8-9). That led to the next calamity. Hayward alleges that Officer Hill's arrest and arraignment triggered the process that resulted in the revocation of his parole. The key intermediate step, Hayward asserts, was the issuance of an "order of protection" directing Hayward to "change his address." (<u>Id.</u> at ¶ 10). On December 5, 2011, the criminal charges against plaintiff were adjourned in contemplation of dismissal. (Def.'s Ex. F (Certificate of Disposition)).

Hayward filed this claim on June 15, 2012, seeking $100,000 in compensatory damages against Officer Hill. (Compl. at 10). This Rule 12(b)(6) motion was filed on January 18, 2013.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "A pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

3

at 557).

A complaint must be dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. That said, the factual allegations are paramount—"a complaint need not pin plaintiff's claim for relief to a precise legal theory" nor provide "an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). In analyzing well-pled facts, a court will draw all reasonable inferences in favor of plaintiff. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007). In addition, because Hayward appears here unrepresented, the Court must construe his pleadings and briefs liberally and read them to raise the strongest arguments they suggest. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007). If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," the court must grant plaintiff leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

In deciding a Rule 12(b)(6) motion, a court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken. See Chambers, 282 F.3d at 152-53. Additionally, where a document is not incorporated by reference, the court may nevertheless consider it where the pleadings rely

4

"heavily upon its terms and effect, thereby rendering the document integral to the [pleadings]." DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010) (quotations omitted).

### Discussion

### a. *False Arrest*

A false arrest is an intentional, non-privileged confinement. Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007). Probable cause privileges an arrest and provides a complete defense to a § 1983 action for false arrest. Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118-119 (2d Cir. 1995). Hayward's false arrest claim thus survives dismissal if the facts alleged in the complaint support a reasonable inference that he was arrested without probable cause. See, e.g., Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).

State law governs the determination of whether probable cause exists. Jaegly v. Couch, 439 F.3d 149, 151-152 (2d Cir. 2006). Under New York law,

> [p]robable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed. . . . An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint . . . has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.

Singer, 63 F.3d at 119 (internal citations and quotation marks omitted). The complaint contains insufficient facts to state a plausible claim for false arrest. Officer Hill had probable cause to arrest Hayward based on the combination of physical evidence of an assault and the victim's identification of his roommate,

5

Hayward, as the assailant. When information is received from a putative victim or eyewitness, probable cause exists "unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). Hayward does not dispute that W.D. identified him as the perpetrator, nor does he provide any reason why Officer Hill should have doubted W.D.'s veracity or questioned his allegations. Accordingly, it was reasonable for Officer Hill to conclude that probable cause existed, and Hayward's claims fail as a matter of law. See, e.g., Coyle v. Coyle, 354 F. Supp. 2d 207, 211-12 (E.D.N.Y. 2005) (dismissing false arrest claims on a Rule 12(b)(6) motion because officers had no reason to doubt victim's statement that plaintiff violated a restraining order).

Even if Hayward had challenged W.D.'s truthfulness, "[t]he actual accuracy or veracity of [a witness's] statement is irrelevant to a determination of whether [an officer] had arguable probable cause. Rather, the question is whether [the officer] could have reasonably relied on it." Escalera v. Lunn, 361 F.3d 737, 745 (2d Cir. 2004). Although W.D.'s complaint alone would have been sufficient to establish probable cause, Officer Hill visually confirmed that W.D. had injuries consistent with his allegations of assault. There can be no dispute that Officer Hill, at a minimum, had an objectively reasonable basis to arrest Hayward.

Had Hayward pleaded facts sufficient to support an inference that Officer Hill should not have believed W.D.'s accusation, Hayward's false arrest claim might survive, but Hayward has not done so. However, Hayward is a *pro se* litigant and might be able to correct this pleading shortfall in an amended complaint that alleges

6

such facts (not conclusions). While on the basis of the pleading before the Court, this seems remote, he will be granted the chance to replead once. See Cuoco, 222 F.3d at 112. The false arrest claim is dismissed with leave to amend.

### b. *Malicious Prosecution*

A claim for malicious prosecution under § 1983 or New York law requires a plaintiff to show "(1) that the defendant commenced a criminal proceeding against the plaintiff; (2) that the proceeding was terminated in plaintiff's favor; (3) that there was no probable cause; and (4) that the defendant acted with malice." Ramos v. City of New York, 298 F. App'x 84, 85 (2d Cir. 2008). Since the prosecution must end in a defendant's favor, that is, dismissal or acquittal, a malicious prosecution claim cannot stand where the prosecution resulted in an adjournment in contemplation of dismissal. An ACD is not a favorable termination. See Rothstein v. Carriere, 373 F.3d 275, 287 (2d Cir. 2004). Hayward's criminal charges were adjourned in contemplation of dismissal on December 5, 2011, necessarily defeating Hayward's claim of malicious prosecution.

### c. *Strip Search*

Hayward focuses on the collateral aftermath of his arrest. He first alleges that he was illegally strip searched. A lawful strip search requires an officer's reasonable suspicion that an arrestee charged with a misdemeanor or lesser offense is concealing a weapon. Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986). Officer Hill was called to the scene of a violent felony, where the victim reported he had been, among other violent acts, cut by Hayward with a sharp object. Yet, Officer Hill found no weapon or sharp object at the scene when he arrested Hayward.

(Def.'s Ex. D at 2). The missing weapon established reasonable suspicion, as it was reasonable and logical for Officer Hill to conclude that Hayward was possibly concealing the sharp object on his person. Therefore, Hayward's Fourth Amendment challenge to the legality of the strip search is dismissed.

### d. Due Process

Hayward also asserts claims that he was denied due process of law under the Fifth and Fourteenth Amendments. Though his complaint is unclear as to which events correspond to which claims, Hayward appears to allege that his due process rights were violated by his arrest, as well as through the revocation of his parole, which, he contends, resulted either directly or indirectly from his arrest. "The Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials." Mitchell v. Home, 377 F.Supp.2d 361, 372 (S.D.N.Y. 2005) (citing Dusenbery v. U.S., 534 U.S. 161, 167 (2002)). Consequently, with no federal involvement in this matter, Hayward has advanced no cognizable claim under the Fifth Amendment's due process clause. His Fifth Amendment claim fails.

As for his Fourteenth Amendment claim, that amendment prohibits "State [actors] . . . [from] depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Court has already determined that, on the facts pleaded, Hayward's arrest was properly supported by probable cause, and he has no alternative basis for asserting that any due process violation occurred. Indeed, the claim merely restates his false arrest claim and, at best, points to other compensable injuries that may have flowed from the same allegedly unlawful act by

Officer Hill.  However, Hayward has been granted leave to amend his complaint as to his false arrest claim.  Hayward's mirror-image due process claim under the Fourteenth Amendment meets the same fate—it, too, is dismissed with leave to amend.  See Cuoco, 222 F.3d at 112.[2]

    *e. State Law Claim*

        Finally, Hayward pleads "intentional emotional and mental anguish," which the Court construes with solicitude as a tort claim under New York law for the intentional infliction of emotional distress.  Though, through its power of supplemental jurisdiction, the Court has the authority to entertain the state law claim, as all of Hayward's federal claims have been dismissed, the Court declines to exercise it.  28 U.S.C. § 1367(c)(3), Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (stating it is well settled that "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").  In any event, the state law claim implicates issues beyond any potential surviving federal claims against Officer Hill.

<u>Conclusion</u>

    Hayward's federal malicious prosecution claim is dismissed with prejudice.  All other claims are dismissed without prejudice. Leave to replead the surviving federal claims in an amended complaint in this action is granted to the extent that Hayward can do so in good faith.  Leave is also granted to replead Hayward's state

---

[2] Presumably, Hayward's due process claim would be hobbled by his adverse result in the parole revocation process the record suggests took place after the arrest, and likely accounts for the disposition of the original charges.

claim in a state court of appropriate jurisdiction.  The further pleadings for which leave has been granted must be filed within 30 days of the entry of this Memorandum and Order on the Court's docket.  If plaintiff fails to timely file the amended complaint in this action, the case will be dismissed with prejudice and judgment entered against plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 25, 2013

s/ ENV

ERIC N. VITALIANO
United States District Judge